# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| ELAYNE PERKINS, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   4:18-cv-02116 |
| DIVERSIFIED CONSULTANTS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Elayne Perkins ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Diversified Consultants, Inc. ("Defendant" or "Diversified") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and maintains significant business contacts in the Southern District of Texas.

## PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8.   In late 2017, Plaintiff began receiving calls to her cellular phone, (773) XXX-0513, from Defendant.

9.   Defendant has used different phone numbers when placing phone calls to Plaintiff's cellular phone, including but not limited to (312) 637-8851.

10. Upon answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

---

[1] https://www.dcicollect.com/diversified-consultants-solutions-page/

12. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

13. Upon speaking with Defendant, Plaintiff was informed that Defendant was acting as a debt collector attempting to collect upon an outstanding debt for a Spectrum cable bill in the amount of $209.00 ("subject debt").

14. Around late 2017 Plaintiff demanded that Defendant stop calling her cellular phone.

15. Notwithstanding Plaintiff's demands and the information provided to Defendant, Defendant has continued to call Plaintiff's cellular phones up until the filing of the instant action.

16. Plaintiff repeated this demand on numerous occasions.

17. Out of frustration, Plaintiff spoke with Sulaiman regarding her rights over Defendant.

18. Plaintiff has been unlawfully and unreasonably harassed by Defendant's calls.

19. Plaintiff has received no less than 27 phone calls from Defendant since revoking consent on or around late 2017.

### DAMAGES

20. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

21. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

22. Plaintiff was unduly disrupted and harassed by Defendant's unlawful attempts to collect the subject debt.

23. Defendant's phone harassment operation and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon

and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

**a.  Violations of  FDCPA § 1692c**

32. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she necessitated that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its assault of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

33. Furthermore, Defendant has relentlessly called Plaintiff on no less than 27 occasions, on back-to-back days. This volume of calls shows that Defendant willfully ignored Plaintiff's requests with the goal of annoying and harassing her.

34. Defendant was informed by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was ill-timed and harassing to her.

**b.  Violations of  FDCPA §1692d**

35. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by persistently calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the unyielding calls after Plaintiff advised Defendant to stop placing collection calls to her cellular phone.

36. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 27 harassing phone calls to Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's consent.

37. As pled above, Plaintiff was severely harmed by Defendant's conduct.

38. As an experienced debt collector, Defendant knew or should have known the ramifications of placing debt collection calls to Plaintiff after it was informed to cease placing such calls.

39. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Texas in order to belligerently collect debts in default to increase its profitability at the consumers' expense.

40. Upon information and belief, Defendant has no system in place to document and archive valid revocation of consent by consumers.

**WHEREFORE**, Plaintiff ELAYNE PERKINS respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

42. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

43. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

44. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

45. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

46. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

47. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

48. Defendant violated the TCPA by placing no less than 27 phone calls to Plaintiff's cellular phone between December 2017 and the present day, using an ATDS without her prior consent.

49. Any prior consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called in late 2017.

50. As pled above, Plaintiff was rigorously harmed by Defendant's collection calls to her cellular phone.

51. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

52. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

53. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

54. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff ELAYNE PERKINS respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

55. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

56. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

57. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. §392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

58. Defendant is a "debt collector" " and a "third party debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) and (7).

   **a. Violations of TDCA §391.302**

59. The TDCA, pursuant to Tex. Fin. Code Ann. §392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

60. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she informed it to stop calling. This repeated behavior of steadily calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The frequent contacts were made with the hope that Plaintiff would accede to the harassing behavior and ultimately make a payment. The regularity and volume of calls, as well as the statements made by Defendant's representative regarding the notations on Plaintiff's account, shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

61. Furthermore, Defendant persistently contacted Plaintiff multiple times. Placing such voluminous calls on the same day in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

62. Upon being told to stop calling, Defendant had sufficient reason to be aware that it should stop its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff ELAYNE PERKINS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. §392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. §392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. §392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 22, 2018                  Respectfully Submitted,

<u>/s/ Alexander J. Taylor</u>
<u>/s/ Marwan R. Daher</u>
<u>/s/ Omar T. Sulaiman</u>
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com